**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| **JAMES BRUTON, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**PIONEER NATURAL RESOURCES COMPANY and MILLER & ASSOCIATES DRILLING FLUID CONSULTANTS, INC.**<br><br>**Defendants.** | **No: 7:20-cv-203**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## <u>ORIGINAL COLLECTIVE ACTION COMPLAINT</u>

### I.   SUMMARY

1.      This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – day rate mud engineers and/or drilling fluid engineers ("Mud Engineers") – who have worked on behalf of Pioneer Natural Resources Company ("Pioneer") and Miller & Associates Drilling Fluid Consultants, Inc. ("Miller & Associates") (together "Defendants" or "Defendants") in the United States.

2.      Headquartered in Irving, Texas, Pioneer is an industry leading oil and gas exploration and production company. In this regard, Pioneer has active operations throughout the State of Texas, including throughout the Permian Basis, the Eagle Ford Shale, the Rockies, and West Panhandle.[1]

3.      Pioneer employs hundreds of Mud Engineers through companies such as Miller & Associates to work on their companywide job sites.

---

[1]     *See*   Pioneer   Natural   Resources   (PXD),   Forbes.com   *available   at* https://www.forbes.com/companies/pioneer-natural-resources/#523c795110cc (last accessed June 2, 2020).

4.     Plaintiff and other Mud Engineers like him regularly worked for Defendants in excess of 40 hours each week. However, Defendants did not pay them overtime for hours worked in excess of 40 hours in a single workweek.

5.     Instead of paying overtime as required by the Fair Labor Standards Act ("FLSA"), Defendants improperly classified Plaintiff and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation.

6.     Defendants at all times relevant have had direct control over Mud Engineers' day-to-day activities. In this regard, Mud Engineers receive daily instructions and job assignments from Pioneer supervisors. Pioneer supervisors would likewise review all reports created by Mud Engineers, and provide further instructions based on these reports. Millers & Associates provides Mud Engineers with the equipment they required to do their jobs, and Pioneer would provide personal protective equipment. Millers & Associates would likewise provide Mud Engineers with company uniforms and controlled their work schedule based on Pioneer's business needs. Mud engineers are wholly economically dependent on Defendants, as they only receive payment for days that they work.

7.     Mud Engineers do not incur operating expenses like rent, payroll, marketing, and insurance.

8.     The services rendered by Mud Engineers are an integral part of Defendants' businesses of oil and gas production.

9.     Despite having substantial custody and control over Mud Engineers and being their employer, Defendants misclassified them as independent contractors to avoid paying overtime compensation.

10.     Plaintiff brings this action on behalf of himself and similarly situated current and former Mud Engineers who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions

of the FLSA by Defendants that has deprived Plaintiff and similarly situated employees of their lawfully earned wages.

## II.     JURISDICTION AND VENUE

11.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12.     Venue is proper in the Western District of Texas, Midland Division pursuant to 28 U.S.C. § 1391(b) because Defendants operate business in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

## III.     THE PARTIES

**James Bruton**

13.     James Bruton ("Plaintiff" or "Bruton") is an adult individual who is currently a resident of the State of Louisiana.

14.     Plaintiff worked for Defendants as a Mud Engineer from approximately 2016 through the first quarter of 2018. During his employment, Plaintiff performed work on Defendants' job sites located in the areas surrounding Midland, Texas.

15.     A written consent form for Bruton is being filed with this Collective Action Complaint.

16.     Plaintiff brings this action on behalf of himself and all other similarly situated Mud Engineers who were paid a day rate and did not receive overtime compensation.

17.     The class of similarly situated employees or potential class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER MUD ENGINEERS WHO PROVIDED SERVICES TO OR ON BEHALF OF MILLERS & ASSOCIATES AND PIONEER NATURAL RESOURCES WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY RATE DURING THE LAST THREE YEARS ("Collective Members").**

**Defendants**

18.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

19.     Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

20.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiffs and similarly situated employees at all times relevant.

21.     During all relevant times, Defendants' operations are interrelated and unified.

22.     During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA.

**Pioneer Natural Resources Company**

23.      Based on information and belief, Pioneer Natural Resources Company has owned and/or operated all Pioneer worksites during the relevant time period.

24.     Pioneer Natural Resources Company is a foreign for-profit corporation organized and existing under the laws of Delaware.

25.     Pioneer Natural Resources Company's main corporation headquarters and business address is 777 Hidden Ridge, Irving, Texas 75038

26.     At all relevant times, Pioneer Natural Resources Company has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

27.     Pioneer Natural Resources Company applies the same employment policies, practices, and procedures to all Mud Engineers at their job sites company wide.

28.     Pioneer Natural Resources Company may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**Miller & Associates Drilling Fluid Consultants, Inc.**

29.     Miller & Associates Drilling Fluid Consultants, Inc. is a foreign for-profit corporation organized and existing under the laws of Louisiana.

30.     Miller & Associates Drilling Fluid Consultants, Inc. corporation headquarters and business address is 2101 Evangeline Highway, Evangeline, Louisiana 70537.

31.     At all relevant times, Miller & Associates Drilling Fluid Consultants, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

32.     Miller & Associates Drilling Fluid Consultants, Inc. applies the same employment policies, practices, and procedures to all Mud Engineers at their job sites company wide.

33.     Miller & Associates Drilling Fluid Consultants, Inc. may be served through its registered agent: Mike Fontenot, 2101 Evangeline Highway, Evangeline, Louisiana 70537.

## IV.     COVERAGE UNDER THE FLSA

34.     At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35.     At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

36.     At all times hereinafter mentioned, Defendants have been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Defendants have and have

5

had an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

37.     At all times hereinafter mentioned, Plaintiff and Collective Members were engaged in commerce or in the production of goods for commerce.

## V.     FACTS

38.     Bruton and those similarly situated to him worked for Defendants as Mud Engineers.

39.     Bruton worked for Defendants as a Mud Engineer from approximately 2016 through the first quarter of 2018.

40.     Defendants classified Bruton as an independent contractor during his employment.

41.     During his employment, Bruton performed work for Defendants on Pioneer job sites in and around the Midland, Texas area.

42.     During the course of his employment, Bruton regularly worked over 40 hours per week.

43.     During his employment, Bruton was generally to work the following schedule:

a.   A hitch schedule of 14 days on and 14 days off with daily schedules of at least 12 hours in length.

44.     As a result, Bruton consistently worked over 40 hours per week.

45.     Defendants paid Bruton with a set day rate regardless of the number of hours worked.

46.     Bruton's primary duties were technical and consisted of well-established testing procedures. As a result, Bruton had primarily non-exempt job duties.

47.     Although Defendants classified Bruton as an independent contractor, Defendants exercised custody and control over all material aspects of his employment and the performance of his job. For instance, Pioneer controlled Bruton's day to day operations by providing him with job assignments, reviewing his work, and providing additional instructions and guidelines to perform his

6

duties. Bruton was likewise required to also provide daily reports to Pioneer supervisors and await further instructions and directions. Miller & Associates controlled Bruton's work schedule and rates of pay, provided him with company uniforms, and provided him with the equipment necessary to perform his job duties. Bruton was wholly economically dependent upon Defendants, and was not in business for himself.

48.     Bruton did not incur operating expenses like rent, payroll, marketing, and insurance.

49.     No real investment was required of Bruton to perform his job duties. In this regard, Miller & Associates provided Bruton with the equipment used to perform his job duties.

50.     The services rendered by Bruton was an integral part of Pioneer's business of oil and gas production, and an integral part of Miller & Associates' business of providing mud testing services to its customers.

51.     Upon information and belief, Defendants did not keep accurate records of hours worked by Bruton and similarly situated employees.

## VI.     FLSA VIOLATIONS

52.      As set forth herein, Defendants have violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1.5 times the regular rates for which they were employed.

53.     Defendants, knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Collective Members overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

54.     Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.    COLLECTIVE ACTION

55.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the members of the Collective.

56.     Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked for Defendants as Mud Engineers and other similar titles companywide who elect to opt-in to this action (the "FLSA Collective").

57.     Defendants are liable under the FLSA for *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

58.     Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation when they worked beyond 40 hours in a workweek.

59.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

60.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

61.     This policy and pattern or practice includes, but is not limited to, willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the correct premium overtime wages for hours that they worked in excess of 40 hours per workweek and failing to maintain accurate records of hours worked by its employees, including Plaintiff and the FLSA Collective.

8

62.     Defendants' unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay overtime pay.

63.     Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective no less than 1.5 times their regular rates of pay for all overtime hours worked.

64.     Plaintiff and the FLSA Collective perform or performed the same primary duties.

65.     There are many similarly situated current and former Mud Engineers who have been undercompensated in their overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

66.     This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

67.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## VIII.   RELIEF SOUGHT

Plaintiff, individually, and on behalf of the FLSA Collective respectfully request that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Mud Engineers and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime pays and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA.

D.      Reasonable attorneys' fees and costs of the action; and

E.      Such other relief as this Court shall deem just and proper.

Dated: August 14, 2020

Respectfully submitted,

**/s/ David I. Moulton**

By: _____

Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:     (713) 877-8788
Telecopier:     (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff and Putative Collective and Class*